IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCESCA'S HOLDINGS CORPORATION, | § § § | C. A. NO. 4:16-cv-2697 |
| Plaintiff, | § | |
| v. | § | |
| AXIS INSURANCE COMPANY, | § | |
| Defendant. | § § | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332(a), Defendant, AXIS Insurance Company ("AXIS") removes this action from the 125th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. AXIS states the following in support of removal.

### I.  STATE COURT ACTION

1. On August 8, 2016, Plaintiff, Francesca's Holdings Corporation ("Francesca's") filed its Original Petition in the 125th Judicial District Court of Harris County, Texas, styled *Francesca's Holdings Corporation v. AXIS Insurance Company*, under Cause Number 2016-52487 (the "State Court Action").

2. AXIS was served with process on August 12, 2016. *See* Exhibit C-2, Proof of Service. Accordingly, Removal is timely under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.,* 526 U.S. 344, 347-48 (1999).

## II.   PROCEDURAL REQUIREMENTS

3.   This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441(a).

4.   In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, this Notice of Removal is accompanied by copies of the following:

- a.   Exhibit A:  An index of documents being filed;
- b.   Exhibit B:  A copy of the State Court Docket Sheet;
- c.   Exhibit C:  All Pleadings and Process from the State Court, including:
    - i.   Exhibit C1: Plaintiff's Original Petition, filed on August 8, 2016;
    - ii.  Exhibit C2: Civil Case Information Sheet, dated August 8, 2016;
    - iii. Exhibit C3: Civil Process Pick Up Form dated August 8, 2016;
    - iv.  Exhibit C4: Proof of Service, executed August 12, 2016
- d.   Exhibit D: Affidavit of Ari Magedoff;
- e.   Exhibit E: Affidavit of Ommid Farashahi;
    - i.   Exhibit E1: August 17, 2016 Pillsbury Letter.
- f.   Exhibit F:  AXIS' Rule 7.1 Corporate Disclosure Statement;
- g.   Exhibit G:  A list of all counsel of record;
- h.   Exhibit H:  Civil Cover Sheet

5.   AXIS is simultaneously filing a copy of this Notice of Removal in the 125th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. §

1446(d).

## III. DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of the Parties, and the amount in controversy exceeds $75,000.00.

### A.   Complete Diversity Exists

7. This controversy is entirely between citizens of different states as required for diversity jurisdiction by 28 U.S.C. § 1332.

8. Francesca's is a Delaware corporation with its principal place of business in Texas.  Exhibit C1, Original Petition, ¶ 2.  Accordingly, Francesca's is a citizen of Delaware and Texas.  *See* 28 U.S.C. § 1332(c)(1).

9. AXIS is an Illinois corporation with its principal place of business in Georgia.  Accordingly, AXIS is a citizen of Illinois and Georgia.  *See id*.  Francesca's original petition correctly pleads that AXIS is an Illinois corporation but incorrectly states that AXIS' principal place of business is in Illinois.  AXIS submits the Affidavit of Ari Magedoff, Exhibit D hereto, as proof that AXIS' actual principal place of business is in Georgia.  In any event, because AXIS is neither a citizen of Delaware nor Texas, the parties are completely diverse.

**B.     The Amount in Controversy Exceeds $75,000**

10.     The amount in controversy is over $75,000.00.

11.     Usually, the sum demanded in good faith in a plaintiff's petition establishes the amount in controversy. *See* 28 U.S.C. § 1446(c)(2). When a plaintiff fails to demand a specific sum in its original petition, the notice of removal may assert the amount in controversy, and that amount must be supported by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(A)-(B). Francesca's does not demand a specific sum in its petition but states that it seeks "more than $1,000,000." Exhibit C1, Original Petition, ¶ 5.  Further, an August 17, 2016 cover letter from Francesca's counsel to AXIS counsel states that Francesca's seeks $311,747.15 in attorneys' fees and expenses for the underlying securities class action and derivative lawsuit; $13,677.89 in attorneys' fees for addressing insurance issues; and $401,319.32 in fees and expenses allegedly incurred to defend third parties in the underlying securities class action. *See* Exhibit E1, August 17, 2016 Letter.  Those amounts are exclusive of the extra-contractual damages that Francesca's seeks in its petition pursuant to Texas Insurance Code Chapters 541 and 542.  Exhibit C1, Original Petition, ¶¶ 60, 63. Accordingly, both the petition and the statements of Francesca's own counsel demonstrate that the amount in controversy exceeds $75,000.00.

4

## IV. CONCLUSION

12. Removal of this action is proper under 28 U.S.C. §§ 1332 and 1441. This is a civil action brought in a state court, and this Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity, and the amount in controversy exceeds $75,000.00.

13. Accordingly, AXIS removes this action from the 125th Judicial District Court in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

14. Concurrent herewith, AXIS is filing a Notice of the filing of this Notice of Removal in the 125th Judicial District Court in Harris County, Texas.

Respectfully submitted,

**CREELY LAW FIRM PLLC**

/s/ Gene F. Creely, II
_____
Gene F. Creely, II
State Bar No. 05060550
620 West Alabama Street
Houston, TX 77006
(713) 400-8300 Telephone
(713) 400-8299 Facsimile
gcreely@creelylaw.com

ATTORNEYS FOR DEFENDANT
AXIS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on the 6th day of September, 2016 through the Court's ECF system and by facsimile upon the following persons:

Vincent E. Morgan
Tamara D. Bruno
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street, Suite 2200
Houston, Texas 77010
Telephone (713) 276-7625
Facsimile (281) 582-6308
Vince.Morgan@pillsburylawcom
Tamara.Bruno@pillburylaw.com

/s/ Gene F. Creely, II
_____
Gene F. Creely, II

1619101