Case 4:16-cv-02697 Document 2-3 Filed in TXSD on 09/06/16 Page 1 of 13

8/8/2016 3:16:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12048949
By: Nelson Cuero
Filed: 8/8/2016 3:16:35 PM

Cause No. _____

| | | |
|---|---|---|
| Francesca's Holdings Corporation, | § § § § § § § § § § § | In the District Court of |
| Plaintiff, | | |
| v. | | Harris County, Texas |
| AXIS Insurance Company, | | |
| Defendant. | | \_\_\_\_\_ Judicial District |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Francesca's Holdings Corporation ("Francesca's") files this Original Petition against Defendant AXIS Insurance Company ("AXIS"), and would respectfully show:

### I.
### DISCOVERY

1. Discovery is intended to be conducted under Level 2, in accordance with Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2. Plaintiff Francesca's Holdings Corporation is a Delaware corporation with its principal place of business in Harris County, Texas.

3. Upon information and belief, Defendant AXIS Insurance Company is an Illinois company with its principal place of business at 111 South Wacker Drive, Suite 3500, Chicago, Illinois 60606. Service of process can be made on AXIS by serving its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
### JURISDICTION AND VENUE

4. Venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1) as all or a substantial part of the events or omissions giving rise to the claim occurred in this county, and plaintiff had its principal place of business in this county at the time of the accrual of the cause of action.

5. This Court has jurisdiction over this action under TEX. GOV'T CODE ANN. §24.007 and because the amount in controversy exceeds the minimum jurisdictional amounts of this Court as Plaintiff seeks more than $1,000,000.

## IV.
### FACTUAL BACKGROUND

6. This is an insurance coverage dispute arising out of AXIS's refusal to reimburse Francesca's under a liability insurance policy for hundreds of thousands of dollars in legal fees and expenses that Francesca's incurred in successfully defending securities lawsuits – claims that AXIS agrees are covered.

**A.   The Policy**

7. AXIS sold Francesca's a Management and Corporate Liability Insurance Policy, No. MCN761831/01/2013, with a $10 million limit of liability for the policy period of July 22, 2013 to July 22, 2014 (the "Policy").

8. The Policy provides a number of insuring agreements, including Directors & Officers Liability Coverage, Indemnification Coverage and Securities Claims Liability Coverage.

9. The Policy provides Francesca's "Indemnification Coverage" as follows:

> B. Indemnification Coverage
>
> The Insurer shall pay on behalf of the **Insured Organization** all **Loss** that the **Insured Organization** grants indemnification to an **Insured Individual**, as permitted or required by law, for which the **Insured Individual** has become legally obligated to pay on account of any **Claim** for a **Wrongful Act** first made against, or **Insured Inquiry** first received by, such **Insured Individual** during the **Policy Period** or the Extended Reporting Period, if applicable.

Policy, at § I(B).[1]

10.     The Policy provides Francesca's "Securities Claims Liability Coverage" as follows:

> C. Securities Claims Liability Coverage
>
> The Insurer shall pay on behalf of the **Insured Organization** all **Loss** for which the **Insured Organization** becomes legally obligated to pay on account of a **Securities Claim** first made against the **Insured Organization** during the **Policy Period** or the Extended Reporting Period, if applicable, for a **Wrongful Act**.

Policy, at § I(C).

11.     Francesca's is an "Insured Organization" under the Policy.

12.     The Policy defines "Securities Claim" to include "any Claim . . . based upon, arising out of or attributable to the purchase or sale of or offer to purchase or sell any securities issued by the **Insured Organization**." Policy, at § III(S).

13.     The Policy broadly defines "Wrongful Act" as "(i) any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty by any **Insured Individual** in his or her capacity as such or in an **Outside Position** or, with respect to Insuring Agreement C, by the **Insured Organization**; or (ii) any matter claimed against an **Insured Individual** solely by reason of his or her serving in such capacity . . . ." Policy, at § III(V).

---

[1] Terms in **bold** reflect the way they appear in the excerpts quoted from the Policy.

14. The Policy defines "Loss" to include "damages, settlement amounts, judgments, including any award of punitive, exemplary or multiple damages, pre-judgment or postjudgment interest, costs and fees awarded pursuant to judgments, **Defense Costs, Clawback Costs, Insured Inquiry Costs,** and solely with respect to Insuring Agreement D, **Investigation Costs**." Policy, at § III(M).

15. The Policy defines "Defense Costs" as "reasonable and necessary legal fees and expenses (other than regular or overtime wages, salaries, fees or benefits or overhead expenses of any **Insured** or employee of the **Insured Organization**) incurred by or on behalf of the **Insureds** in investigating, defending, opposing, settling or appealing **Claims**, and the premium for appeal, attachment or similar bonds." Policy, at § III(D).

**B.     The Underlying Claims**

16. Francesca's conducted an initial public offering of its stock in July, 2011. Secondary offerings of Francesca's stock were conducted in 2012 and 2013.

17. On or about September 27, 2013, a Francesca's stockholder filed a putative class action securities lawsuit against Francesca's and several individual directors and officers of Francesca's styled *Ortuzar v. Francesca's Holdings Corporation, et al.*, No. 1:13-cv-06882, in the United States District Court, Southern District of New York (the "Securities Class Action"). A second putative class action was later filed and consolidated with the Securities Class Action.

18. The plaintiff in the Securities Class Action alleged that Francesca's and the named individual defendants made certain materially false or misleading statements about Francesca's business, prospects and operations, particularly relating to Francesca's relationships and arrangements with third-party vendors.

19.     Days after the Securities Class Action was filed, on or about November 1, 2013, Francesca's received a Shareholder Inspection Demand from a Francesca's shareholder demanding that Francesca's permit him to inspect books and records of Francesca's, pursuant to 8 Delaware General Corporation Law Code section 220 (the "Section 220 Demand").

20.     Shareholder derivative lawsuits were later filed and consolidated in an action against Francesca's and individual directors and officers of Francesca's styled *In re Francesca's Holdings Corporation Derivative Litigation*, No. 9709-VCP, in the Court of Chancery of the State of Delaware (the "Derivative Action").

21.     The Securities Class Action and Derivative Action included claims against Francesca's largest stockholder at the time of its initial public offering, CCMP Capital Advisors, LLC.

22.     The plaintiffs in the Securities Class Action filed a Consolidated Class Action Complaint in or around March 2014. In that Complaint, the plaintiffs also included claims against companies who underwrote Francesca's secondary stock offerings (the "Underwriters").

23.     The Underwriters made a demand for indemnification from Francesca's ("Underwriters' Demand") under the terms of their Underwriting Agreement, which stated in relevant part:

> 9.(a) The Company will indemnify and hold harmless each Underwriter . . . against any losses, claims, damages or liabilities, joint or several, to which such person may become subject, under the Act or otherwise, insofar as such losses, claims, damages or liabilities (or actions in respect thereof) arise out of or are based upon an untrue statement or alleged untrue statement of a material fact contained in the Registration Statement, any Preliminary Prospectus, the Pricing Prospectus or the Prospectus, or any amendment or supplement thereto, any Issuer Free Writing Prospectus or any "issuer information" filed or required to be filed pursuant to Rule 433(d) under the Act, or arise out of or are based upon the omission or alleged omission to state therein a material fact required to be stated therein or necessary to make the statements therein not misleading, and will reimburse each such person for any legal or other expenses reasonably incurred by such person in connection with investigating or defending any such action or claim, as such expenses are incurred . . . .

24.     AXIS was given timely notice of the Securities Class Action, the Section 220 Demand, the Derivative Action and the Underwriters' Demand.

C.      **AXIS's Wrongful Denial of Coverage for Underwriters' Defense Costs**

25.     AXIS wrongfully denied coverage for any amounts paid by Francesca's on account of the Underwriters' Demand.

26.     AXIS was required to pay Francesca's Loss on account of the Underwriters' Demand because it was a Claim against Francesca's arising out of "the purchase or sale of or offer to purchase or sell any securities issued by" Francesca's – specifically, secondary public offerings of Francesca's common stock.

27.     Underwriters' Demand was also for a "Wrongful Act" by Francesca's because it sought indemnification from claims that Francesca's allegedly misrepresented or omitted material information about certain matters, such as its relationship with third-party vendors.

28.     Underwriters' Demand also sought "Loss" under the Policy in the form of Underwriters' attorneys' fees, which were also damages Underwriters sought from Francesca's.

29.     In response to Underwriters' Demand, Francesca's paid reasonable and necessary legal fees and expenses to defend Underwriters in the Securities Class Action.

30.     AXIS continues to deny coverage for the Underwriters' Demand, and has not reimbursed Francesca's for any such fees and expenses, in breach of the Policy.

D.      **AXIS's Wrongful Deduction of Other Covered Defense Costs**

31.     AXIS acknowledged its obligations under the Policy's Securities Claims Liability Coverage to pay Francesca's Defense Costs for the Securities Class Action, Section 220 Demand and Derivative Action.

6

32.     AXIS also acknowledged its obligations under the Policy's Indemnification Coverage to pay Defense Costs that Francesca's paid on behalf of the individual defendants for their defense of the Securities Class Action and the Derivative Action.

33.     Francesca's coordinated with AXIS in hiring defense counsel and provided information to AXIS as requested, such as defense counsel's invoices.

34.     AXIS reimbursed certain amounts of the Defense Costs incurred by Francesca's as required under the Policy, but AXIS wrongfully refused to pay other significant amounts of the Defense Costs Francesca's incurred.

35.     For example, AXIS initially agreed to Francesca's hiring of defense counsel at their then-current rates without discussing any limitation on future rates.  Over the years they were defending the Securities Class Action and the Derivative Action, defense counsel's rates increased in the ordinary course of their business through annual increases and the advancement of the attorneys working on the case.  As defense counsel's rates increased, Francesca's was billed for and paid their fees at the increased rates.

36.     AXIS unilaterally refused to reimburse Francesca's for any amount of fees that represented increases in hourly rates, claiming they were entitled to deny those costs based on their "Litigation Management Guidelines."  The Policy does not refer to any "Litigation Management Guidelines" and Francesca's did not agree to any such guidelines at any time.

37.     AXIS also improperly refused to reimburse Francesca's for substantial amounts of other fees and costs Francesca's incurred as "reasonable and necessary legal fees and expenses . . . incurred by or on behalf of the **Insureds** in investigating, defending [or] opposing" the Securities Class Action, Section 220 Demand and Derivative Action.

38.     AXIS's denial of these fees and expenses is in breach of the Policy.

### E. Resolution of the Underlying Claims

39. Defense counsel, hired by and paid in significant part by Francesca's, successfully defended the Securities Class Action and the Derivative Action.

40. On or around March 31, 2015, the District Court granted the defendants' motion to dismiss the Securities Class Action and denied the plaintiffs' motion for leave to amend, concluding among other things that "Plaintiffs' theory fails to support a plausible inference that Defendants made any false statements, or that the Company's disclosures caused any loss suffered by Plaintiffs. The plaintiffs in the Derivative Action later voluntarily dismissed the Derivative Action.

41. The successful outcomes in these Actions also limited the amount of Defense Costs AXIS had to pay and eliminated the potential that AXIS would be obligated to pay any costs of settlement or judgment. Despite this, AXIS still refused to pay thousands of dollars of covered Defense Costs Francesca's incurred.

## V.
### CAUSES OF ACTION

### A. Declaratory Relief – Underwriters' Defense Costs

42. Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

43. Under the Policy, AXIS agreed to pay Francesca's for all Loss, including Defense Costs, on account of any Securities Claim for a Wrongful Act under the Policy. Francesca's paid Loss, including Underwriters' Defense Costs, on account of the Underwriters' Demand, which was a Securities Claim for a Wrongful Act under the Policy. AXIS improperly refused to pay Francesca's Loss in connection with the Underwriters' Demand.

44. Accordingly, Francesca's seeks a judicial declaration under TEX. CIV. PRAC. & REM. CODE ANN. § 37.001, *et seq.*, that:

    a.    An actual, real and substantial controversy now exists between Francesca's and AXIS;

    b.    Francesca's has, at all relevant times, complied with all conditions for coverage under the Policy to the extent required by law; and

    c.    Francesca's is entitled to coverage under the Policy for the Loss it incurred on account of the Underwriters' Demand.

**B.    Declaratory Relief – Defense Cost Deductions**

45.    Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

46.    AXIS agreed to pay "all Loss," including Defense Costs, that Francesca's paid on behalf of its individual directors and officers for a Claim under the Policy's Indemnification Coverage. AXIS also agreed to pay "all Loss," including Defense Costs, that Francesca's paid on its own behalf for a Securities Claim under the Policy's Security Claims Liability Coverage.

47.    Francesca's paid substantial Defense Costs on behalf of the individual defendants and itself to defend against the Securities Class Action, the Section 220 Demand and the Derivative Action. AXIS improperly refused to pay a significant amount of those Defense Costs.

48.    Accordingly, Francesca's seeks a judicial declaration under TEX. CIV. PRAC. & REM. CODE ANN. § 37.001, *et seq.*, that:

    a.    An actual, real and substantial controversy now exists between Francesca's and AXIS;

    b.    Francesca's has, at all relevant times, complied with all conditions for coverage under the Policy to the extent required by law; and

    c.    Francesca's is entitled to reimbursement of all Defense Costs it incurred on account of the Securities Class Action, Section 220 Demand and Derivative Action that AXIS has refused to pay.

**C.    Breach of Contract**

49.    Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

50. The Policy is a valid and enforceable insurance contract between Francesca's and AXIS. Francesca's timely and properly submitted its claim for covered Defense Costs to AXIS. By refusing to pay for a substantial amount of Francesca's Loss, AXIS breached its contractual obligations to Francesca's. As a result of this breach, Francesca's was, and continues to be, deprived of policy benefits to which it is entitled.

51. AXIS's breach of its contractual obligations is the proximate cause of loss, liability, damages and expenses to Francesca's. Francesca's is entitled to repayment of Loss that AXIS has refused to pay. Francesca's is entitled to recover its actual damages, as well as incidental and consequential damages as a result of AXIS's breach of its contractual obligations.

52. All conditions precedent to Francesca's right to recover have occurred to the extent required by law.

### D. Breach of the Duty of Good Faith and Fair Dealing

53. Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

54. The Policy is a valid and enforceable insurance contract between Francesca's and AXIS, under which AXIS has a duty of good faith and fair dealing to Francesca's.

55. AXIS breached its duty of good faith and fair dealing by denying Francesca's claim for coverage of Underwriters' Demand and other Loss Francesca's paid on account of the Underlying Lawsuit when liability was reasonably clear.

56. As a result of AXIS's breach of the duty of good faith and fair dealing, Francesca's has suffered and will continue to suffer monetary damages, including court costs and attorneys' fees for this coverage action, in an amount to be determined at trial.

### E. Violation of Texas Insurance Code Chapter 541

57. Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

58. AXIS violated Texas Insurance Code Chapter 541 by engaging in prohibited unfair insurance practices with respect to Francesca's claim, including the following:

- Failing to promptly provide Francesca's with a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for AXIS's denial of Francesca's claim for coverage of Underwriters' Demand and other Loss Francesca's paid on account of the Underlying Lawsuit; and

- Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim once liability had become reasonably clear.

59. As a result of AXIS's unfair insurance practices, Francesca's has suffered and will continue to suffer monetary damages, including court costs and attorneys' fees for this coverage action, in an amount to be determined at trial.

60. AXIS is also liable to Francesca's for up to three times the actual damages sustained by Francesca's for AXIS's knowing commission of these unfair insurance practices.

**F.     Violation of Texas Insurance Code Chapter 542**

61. Francesca's repeats and re-alleges the allegations set forth in Paragraphs 1 to 41.

62. AXIS violated Texas Insurance Code Chapter 542 by failing to comply with the deadlines imposed by that chapter, including by delaying payment of Francesca's Loss within the time required under Texas Insurance Code §542.056 after receiving all information reasonably requested and required.

63. As a result of its violations of Texas Insurance Code Chapter 542, AXIS is liable to pay Francesca's 18% per year (per violation) on the amount of its claim as damages, in an amount to be determined at trial.

**G.     Attorneys' Fees**

64. Because of the foregoing breaches of contract, Francesca's has been forced to retain the services of the undersigned counsel to prosecute its claims in this action.

11

65.     Francesca's is entitled to recover, and requests the award of, attorneys' fees, expenses, and costs incurred in connection with this action, and any appeals therefrom, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, *et seq.*  Francesca's is also entitled to recovery of its attorneys' fees, expenses and costs in accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 37.001, et seq. and Chapters 541 and 542 of the Texas Insurance Code.

## VI.
### JURY DEMAND

Francesca's demands a trial by jury and the fee accompanies this request.

## VII.
### REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

## VIII.
### PRAYER

Francesca's respectfully prays that upon trial of this cause the Court enter judgment awarding it:

(1)     The declaratory relief requested above;

(2)     All actual damages suffered as a result of AXIS's breach of contract and breach of the duty of good faith and fair dealing;

(3)     All statutory damages available for violations of Chapters 541 and 542 of the Texas Insurance Code;

(4)     Attorneys' fees and costs of court;

(5)     Pre- and post-judgment interest at the highest rate allowed by law; and

(6)     Such other and further relief to which Francesca's may be justly entitled.

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP


By:   /s/ Vincent E. Morgan
      Vincent E. Morgan
      State Bar No. 24027529
      vince.morgan@pillsburylaw.com
      Tamara D. Bruno
      Texas Bar No. 24082746
      tamara.bruno@pillsburylaw.com
      909 Fannin, Suite 2200
      Houston, Texas 77010
      Telephone: 713.276.7625
      Facsimile:  281.582.6308

      *Attorneys for Plaintiff*
      *Francesca's Holdings Corporation*